GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

MONICA B. KLAPPER
Assistant U.S. Attorney
Arizona State Bar No. 013755
Monica.Klapper@usdoj.gov

Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona  85004-4408
Telephone: (602) 514-7500
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No.  CR-21-00601-PHX-DJH |
| Plaintiff, | |
| vs. | |
| Dale Henson and Zoila Henson, | **UNITED STATES' DETENTION MEMORANDUM** |
| Defendants. | |

The United States submits the following detention memorandum, requesting this Court to detain Dale and Zoila Henson, pursuant to U.S.C. § 3142(e), unless and until release conditions are in place that reasonably assure the Hensons do not pose a risk of flight.  As set forth in more detail below, the Hensons now pose a substantial risk of flight – they have few remaining connections to Arizona and have many connections to Mexico, where Zoila Henson is a citizen.

This Court may order pretrial detention when "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e); *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).  Detention is appropriate when the United States

demonstrates either flight risk or danger to the community; it is not necessary to prove both. *See United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a flight risk must be supported by a preponderance of the evidence, and a finding that the defendant is a danger to the community must be supported by clear and convincing evidence. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

In determining whether there are release conditions that will reasonably assure a defendant's appearance and safety of the community, § 3142(g) requires this Court to consider: 1) the nature and circumstances of the offenses charged; 2) the weight of the evidence against the person; 3) the history and characteristics of the person; and 4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. The weight to be afforded to each of these factors rests in this Court's discretion. *Motamedi,* 767 F.2d at 1405. An examination of the factors reveals a genuine and substantial risk that the Hensons will flee.

**A.   The Hensons**

The Hensons moved to Arizona from Nevada in late 2018/early 2019. The Phoenix FBI investigation of the Hensons related to fraudulent AHCCCS billing began in March of 2020 (for conduct occurring in 2019 and 2020), and federal investigators subsequently learned that the Hensons are also under investigation by state authorities for a separate healthcare fraud scheme. An analysis of the Henson's bank accounts reveals millions of dollars flowing through the accounts over the past 2-3 years, all or most of which are believed to be proceeds from their fraudulent activity. The Henson purchased a lavish home in Gilbert for $1.3 million in June of 2020; and they recently sold the home. The Hensons also purchased five other pieces of residential or commercial real estate in the Phoenix metropolitan area, valued at millions of dollars – all of which was recently sold.[1]

Zoila Henson is a citizen of Mexico and became a legal permanent resident of the

---

[1] It appears that the funds from these sales have been held by state authorities pending forfeiture.

United States only recently, when she married Dale Henson in 2015.  The rest of her family is believed to reside in Mexico.  The Hensons travel to Mexico frequently:  one or both travelled to Mexico 4 times in 2019, 4 times in 2020, and another 4 times thus far in 2021.  They used a large portion of funds fraudulently received from a government funded pandemic-related business loan (COVID 19 Economic Injury Disaster Loan) to purchase a residence in Mexico in 2020.[2]

**B.     Relevant Factors**

Turning to the four factors in § 3142(g),  each statutory factor raises serious concerns here.  First, the Hensons face serious charges, with some carrying mandatory imprisonment.  18 U.S.C. § 3142(g)(1).  They are charged with healthcare fraud and wire fraud (20-year maximum terms of imprisonment), aggravated identity theft (mandatory 2-year prison terms, consecutive to the fraud sentence), and transactional money laundering (10-year maximum prison term).  A preliminary calculation under the Sentencing Guidelines reveals a TOL of 30, with a guidelines range of 97-121 months (assuming a category I criminal history), plus a mandatory consecutive 24 months for aggravated ID theft, for a total of 121 to 145 months in prison.

Second, as to the weight of the evidence, the United States avows that the evidence supporting the charges is very strong.  18 U.S.C. § 3142(g)(2).  The evidence is in large part indisputable documentary evidence, and the United States can answer any further questions this Court may have on this point.

Third, the Hensons' history, characteristics, and circumstances all raise red flags.  18 U.S.C. § 3142(g)(3).  Neither one has legitimate employment – the sole source of their income for many years has been from their fraudulent activities.  They have recently sold off all significant assets in Arizona, have very close ties to Mexico, and are well-versed in deception and the theft of identities.

---

[2] The COVID 19 Economic Injury Disaster Loan fraud is charged in the final two counts of the indictment, wire fraud counts 57 and 58.

Finally, as to the overall seriousness of any danger posed by the Hensons, they do pose at the very least an articulable risk of committing additional criminal activity as a means of generating income and/or as a means of flight. 18 U.S.C. § 3142(g)(4).

Accordingly, the United States requests this Court to detain the Hensons in the absence of sufficient conditions imposed to assure that they will comply with this Court's orders to appear and that they will refrain from inflicting additional economic harm on our community and most specifically on the federal funds provided to Arizona for the healthcare of its lower-income citizens.

Respectfully submitted this 20th day of August, 2020.

GLENN B. McCORMICK
United States Attorney
District of Arizona

 *s/Monica B. Klapper*
MONICA B. KLAPPER
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 20th, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrant, who may or may not be a registered participant of the CM/ECF System:

*s/Daniel Parke*
U.S. Attorney's Office